Filed 6/16/22 P. v. Colbourn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094308 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF03167) |
| v. | |
| ORRIN TYLER COLBOURN, | |
| Defendant and Appellant. | |

After defendant Orrin Tyler Colbourn pled no contest to battery by gassing, the trial court imposed an upper-term sentence of four years. On appeal, defendant argues that -- in light of recent legislation -- the trial court erred by imposing the upper term and we must remand for resentencing. The People agree. We reject the People's concession and affirm.

BACKGROUND

The facts underlying defendant's offense are immaterial to this appeal. It suffices to say that in June 2020, while incarcerated in the Butte County Jail, defendant spat into

1

the face of a correctional officer. Regarding that conduct, in May 2021, defendant pled no contest to the offense of battery by gassing, a violation of Penal Code section 243.9, subdivision (a).[1]

In a presentencing report, a probation officer recommended imposition of the upper term of four years of imprisonment. The probation officer noted aggravating circumstances for sentencing purposes, including: "[D]efendant's prior convictions . . . are numerous or of increasing seriousness" (Cal. Rules of Court, rule 4.421(b)(2)); and "[t]he defendant has served [a] prior prison term[]" (*id.*, rule 4.421(b)(3)).

Attached to the probation officer's report was a Butte County Probation Department form entitled "DEFENDANT'S STATEMENT," wherein defendant handwrote that: (a) the June 2020 battery was "an ac[c]ident"; and (b) he was arrested for carrying a concealed dagger in January 2018 and was sentenced to a "county prison" term for that offense. Defendant signed the statement.

Also attached to the report was a three-page summary of defendant's criminal history, detailing adult convictions for multiple offenses, including: fleeing from a peace officer in 2010 (Veh. Code, § 2800.2); resisting a peace officer in 2013 (Pen. Code, § 69); and --consistent with defendant's written statement -- carrying a dirk or dagger in 2018 (Pen. Code, § 21310). Prison terms were imposed for each of those offenses.

At a June 2021 sentencing hearing, the trial court told the parties that it read the presentence report and "the communication from . . . defendant," and was "inclined to follow th[e] recommendation" in the report. Defense counsel asked the trial court "to

---

**1** Penal Code section 243.9, subdivision (b) provides: "For purposes of this section, 'gassing' means intentionally placing or throwing, or causing to be placed or thrown, upon the person of another, any . . . bodily fluids or bodily substances . . . that results in actual contact with the person's skin or membranes."

consider imposing the middle term." The prosecutor argued in favor of "the upper term . . . as laid out in the . . . report."

The trial court imposed the upper term of four years, explaining: "The [c]ourt has reviewed the factors in aggravation and mitigation, and would note in aggravation his prior convictions as an adult are numerous and of increasing serious nature. He has served a prior prison term. . . . [¶] In mitigation, he may be suffering from a mental condition that reduces culpability. [¶] On balance, however, the [c]ourt feels the upper term is appropriate. Therefore, four years upper term to be served state prison."

Defense counsel did not object to any aspect of the trial court's identification of aggravating circumstances vis-à-vis defendant's criminal history.

Defendant timely appealed.

## DISCUSSION

Defendant argues we must remand the matter to permit the trial court to reconsider the upper-term sentence in light of recent statutory changes that apply to him retroactively, and which "undermine[] the [trial] court's sentencing decision." The People agree recent legislation applies to defendant's sentence and that we should remand the matter for resentencing.

We agree with the parties that recent legislation applies to defendant's judgment that is not yet final. (See *In re Estrada* (1965) 63 Cal.2d 740.)

While this appeal was pending, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b), providing that a trial court may impose an upper-term sentence only where there are aggravating circumstances that justify the imposition of a term exceeding the middle term and the defendant has either stipulated to the facts underlying those circumstances or those facts have been found true beyond a reasonable doubt. (Pen. Code, § 1170, subd. (b)(1)-(2); Stats. 2021, ch. 731, § 1, effective Jan. 1, 2022.) In making this determination, the "court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without

3

submitting the prior convictions to a jury." (Pen. Code, § 1170, subd. (b)(3); Stats. 2021, ch. 731, § 1.) "These amendments apply retroactively to [defendant] because his conviction was not final when this legislation took effect." (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.)

Because the error is purely one of state law, the harmless error test in *People v. Watson* (1956) 46 Cal.2d 818, 836 applies. (*People v. Epps* (2001) 25 Cal.4th 19, 29.) Thus, if a reviewing court concludes it is reasonably probable that a jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true the aggravating circumstances relied on by the trial court, the error is harmless. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 839 [when the error is of federal magnitude, the error is harmless if a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury].)

Here, that standard has been met. The court imposed the upper term of imprisonment based on only defendant's prior convictions, prior prison terms, and unsatisfactory performance on probation and postrelease supervision. These facts are readily available from official records and were contained in the probation report and presented to defendant at the sentencing hearing. Defendant did not dispute these facts nor object to their accuracy when the trial court relied on them to impose the upper term. Because these aggravating factors are easily and readily provable by certified records, and defendant did not dispute their accuracy at a time when he had every incentive to do so if inaccurate, we are satisfied beyond a reasonable doubt a jury would have found these aggravating factors true. (*People v. Flores*, *supra*, 75 Cal.App.5th at pp. 500-501.) Accordingly, "[t]o the extent these aggravating circumstances were not stipulated to . . . any error in taking them into consideration is harmless." (*Id.* at p. 500.) "Thus, remand for resentencing on this issue is unnecessary." (*Id.* at p. 501.)

Acknowledging that harmless error review applies here, defendant argues that we must remand because the "trial court relied on an uncertified record to make its sentencing decision." But as we explained above, that error was harmless given defendant's opportunity and incentive to dispute any inaccuracies in the probation report.

Defendant also argues we should remand because it is "reasonably probable that the court would reach a different sentencing result because it relied on improper aggravating factors": defendant's "convictions were not of increasing seriousness." But California Rules of Court, rule 4.421(b)(2) states -- in the disjunctive -- that it is an aggravating circumstance for sentencing purposes if a defendant's "prior convictions . . . are numerous *or* of increasing seriousness." (Italics added.) And defendant concedes on appeal that his "six prior adult convictions" fairly can be characterized as "numerous." Thus, official and court records document the facts underlying this aggravating circumstance identified and relied on by the trial court at sentencing.

Defendant nevertheless argues that "a remand would not be an idle act" because defendant's numerous prior convictions are "the only valid aggravating factor following [Senate Bill No.] 567, and the court found the existence of a mitigating factor." As explained, this argument is unpersuasive. Senate Bill No. 567 does not preclude consideration of the aggravating circumstances identified by the trial court.

DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

I concur:

/s/
Earl, J.

5

DUARTE, J., dissenting.

I disagree with the majority's decision to reject the Attorney General's concession that remand is necessary in this case, and I agree with the parties that remand is required.

Defendant was sentenced to the upper term for his crime without the benefit of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567), which amended Penal Code section 1170, subdivision (b)[2] and provides that a trial court may impose an upper term sentence only where there are aggravating circumstances that justify the imposition of a term exceeding the middle term and the defendant has either stipulated to the facts underlying those circumstances or those facts have been found true beyond a reasonable doubt. (§ 1170, subd. (b)(1)-(2); Stats. 2021, ch. 731, § 1, eff. Jan. 1, 2022.) The trial court listed defendant's prior convictions as well as his unsatisfactory performance on release as the aggravating factors upon which it relied in imposing the upper term.

There is no dispute but that the information relied upon by the trial court was insufficient to satisfy section 1170, subdivision (b) as amended; the information was summarized in the probation report and was neither stipulated nor proven. Although I agree the law allows the trial court to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury" (§ 1170, subd. (b)(3); Stats. 2021, ch. 731, § 1), here there were no certified records presented to prove any of the prior convictions listed in the report. A probation report is not a certified copy of the record of conviction. (See Evid. Code, §§ 452.5, subd. (b)(1); *id.*, 1530, subd. (a)(2).)

---

[2] Undesignated statutory references are to the Penal Code.

1

Nor was there any evidence proving the aggravating factor of unsatisfactory performance on release. Subdivision (b)(3) of section 1170 specifies repeatedly that the only exception created is for prior convictions, and clearly does not codify the much broader exception allowing for judicial consideration of facts related to a defendant's recidivism without violating the Sixth Amendment. (*People v. Towne* (2008) 44 Cal.4th 63, 79-85.) The majority lumps these factors together without differentiation, concluding that because the facts underlying the factors considered here "are readily available from official records and were contained in the probation report and presented to defendant at the sentencing hearing," and "defendant did not dispute their accuracy," it is "satisfied beyond a reasonable doubt a jury would have found these aggravating factors true" and the error is harmless. (Maj. opn., *ante*, at p. 4.)

The majority does not explain how it is permissible for us to presume the existence of extra-record evidence, whether that evidence be certified copies of convictions or proof beyond a reasonable doubt of unsatisfactory performance on release, and I do not agree we may properly do so. Nor do I agree that reliance on recitations in a probation report in lieu of legally required proof may properly be excused based on our assumption that all of the information on which the court admittedly relied was "easily and readily provable by certified records." (Maj. opn., *ante*, at p. 4.) This broad conclusion undermines the specific language of Senate Bill No. 567 and amended sections 1170 and 1170.1, and signals that this type of noncompliance will always be harmless error.

Nor did defendant's failure to explicitly dispute the report's accuracy excuse the error. Defendant did not stipulate to the accuracy of the report or the information therein, and the requirement at issue--that the information in the report upon which the trial court relied must be proven by certified record or, in the case of the unsatisfactory performance on release, beyond a reasonable doubt--did not exist at the time of his sentencing.

I also disagree with the majority that the trial court's error "is purely one of state law" (maj. opn., *ante*, at p. 4), requiring the application of the harmless error test

2

articulated in *People v. Watson* (1956) 46 Cal.2d 818 at page 836. The trial court found factors in addition to prior convictions that it considered to increase defendant's sentence, namely, unsatisfactory performance, which is constitutional error.[3] (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 464.)

Further, here there was a mitigating factor articulated by the probation report and found by the trial court, that defendant may be "suffering from a mental condition that significantly reduces culpability." Indeed, the record shows that defendant struggled with mental competence throughout the proceedings and has used alcohol, marijuana, and methamphetamine since the age of *nine*. Defendant's father had a significant criminal history, which could signal potential childhood trauma. From these clues already in the record, it appears quite possible that defendant might benefit from another provision of the amendments, that unless the aggravating circumstances outweigh the mitigating circumstances such that the lower term would be contrary to the interests of justice, the court shall order the lower term if defendant is a youth or has experienced psychological, physical, or childhood trauma. (§ 1170, subd. (b)(6)(A) & (B).) Defendant had no reason to raise any trauma that he might have experienced because these amendments were not in place at the time of his sentencing.

In my view, where *none* of the various legal requirements for proof of aggravating factors were met and, indeed, there may be an additional new requirement from which defendant may benefit, this is not a harmless error case.

---

[3] Indeed, the majority appears uncertain about applying the *Watson* standard of harmless error; it ultimately concludes that it is "satisfied beyond a reasonable doubt a jury would have found these aggravating factors true." (Maj. opn., *ante*, at p. 4; see *Chapman v. California* (1967) 386 U.S. 18 [violations of the federal Constitution require reversal unless the error is harmless "beyond a reasonable doubt"].)

For all of these reasons, I respectfully dissent from the majority's refusal to remand.

/s/

Duarte, J.